UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEMECA P.,

                         Plaintiff,

v.                                                                          CASE NO. 1:22-cv-0504
                                                                            (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

_____

APPEARANCES:                                              OF COUNSEL:


HILLER COMERFORD INJURY &                ELIZABETH A. HAUNGS, ESQ.
DISABILITY LAW                                   KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                              IDA M. COMERFORD, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              JOHANNY SANTANA, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on March 29, 1979, and has at least a high school education. (Tr. 311, 317). Generally, plaintiff's alleged disability consists of anxiety, depression, bipolar disorder, obsessive compulsive disorder, posttraumatic stress disorder, and emotional regulation disorder. (Tr. 310). Her alleged disability onset date is November 1, 2018. (Tr. 317). Her date last insured was March 31, 2024. (Tr. 14).

### B.    Procedural History

On August 2, 2019, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II, and Supplemental Security Income (SSI) under Title XVI, of the Social Security Act. (Tr. 259-80). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On March 2, 2021, plaintiff appeared before ALJ Paul Georger. (Tr. 38-74). On June 1, 2021, ALJ Georger issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 10-30). On May 5, 2022, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2024.

2. The claimant has not engaged in substantial gainful activity since November 1, 2018, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease cervical and lumbar spine, right piriformis syndrome, right trochanteric bursitis, intestinal fistula, bipolar disorder, post-traumatic stress disorder (PTSD), panic disorder, obsessive compulsive disorder, and depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except claimant can occasionally stoop, and never climb ramps/stairs, ladders/ropes/scaffolds or balance, kneel, crouch, or crawl. In addition, she can perform simple routine and repetitive tasks, but not at a production rate pace, and use her judgement to make simple work-related decisions; can occasionally interact with supervisors, coworkers, and the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 29, 1979 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 10-30).

## II.     THE PARTIES' BRIEFINGS

### A.      Plaintiff's Arguments

Plaintiff's sole argument is that the mental portion of the RFC is not supported by substantial evidence because the ALJ did not find any psychiatric medical opinion of record persuasive and therefore relied on his lay opinion. (Dkt. No. 13 [Pl.'s Mem. of Law].)

### B.      Defendant's Arguments

Defendant responds that the mental RFC is based on substantial evidence and the ALJ appropriately considered the persuasiveness of the opinion evidence, formulating a mental RFC based on the record as a whole. (Dkt. No. 14 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).

The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff argues that the RFC is not based on substantial evidence because the ALJ did not find any psychiatric expert opinion persuasive. (Dkt. No. 13 at 10). Plaintiff asserts the ALJ did not explain how opined moderate limitations in regulating emotions, controlling behavior and maintaining well-being were accounted for in the RFC. (Dkt. No. 13 at 14). Upon review of the record in this case, the Court finds that the ALJ's analysis of the opinion evidence, as well as the psychiatric RFC finding, were proper and supported by substantial evidence. Furthermore, the ALJ was not required to base the RFC directly on any medical opinion, as plaintiff argues. Because substantial evidence supports the ALJ's decision, the Court finds no error.

Plaintiff concedes that the ALJ did find some parts of the medical opinion evidence persuasive. (Dkt. No. 10 at 13 *referring to* Tr. 27). Indeed, the ALJ found the Agency opinions of Drs. Butler and Dekeon less persuasive and the opinions of consultative examiner Dr. Schaich and nurse practitioner (NP) Adrienne Roy somewhat persuasive. (Tr. 27). Plaintiff's specific argument, that the ALJ did not account for issues with

emotional regulation, pertains solely to the opinions of Dr. Schaich and NP Roy. Dr. Schaich opined that plaintiff would have moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. (Tr. 591). NP Roy opined that plaintiff would become highly dysregulated at times, was prone to outbursts, and would be off task 50% of an eight-hour workday due to her intermittent symptoms or exacerbations. (Tr. 1330).

A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); see also 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). An ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino,* 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [ ] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not

consistency. (Tr. 26-28). *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ then properly incorporated limitations on plaintiff's ability to interact with others and perform only simple work into the RFC to account for her limitations in regulating emotions, controlling behavior, and maintaining well-being. (Tr. 21). Courts have recognized that up to moderate limitations in the functional area of regulating emotion, controlling behavior, and maintaining well-being may be accounted for in an RFC by limiting a plaintiff to simple, routine work with limited interactions with others. *See Michelle K. v. Commissioner of Social Security*, 527 F.Supp.3d 476, 483 (W.D.N.Y. 2021) (RFC limiting plaintiff to "simple, routine, and repetitive tasks, making simple work-related decisions, and occasionally interacting with supervisors, coworkers, and the public" was consistent with limitations in doctor's opinion that included moderate limitations in the ability to "regulate emotions, control behavior, and maintain well-being"); *see also David B. v. Commissioner of Social Security*, 2021 WL 6133282, *2-3 (W.D.N.Y. 2021) (affirming ALJ's determination limiting plaintiff to "simple, routine, repetitive work which did not require more than occasional contact with others" where the consultative examiner and state agency reviewer found plaintiff had, inter alia, mild-to-moderate limitations in regulating emotions, controlling behavior, and maintaining well-being).

Plaintiff argues that the ALJ should have included additional limitations, such as off task time, but ultimately it is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *Beaman v. Commissioner*, 2020 WL 473618, *6 (W.D.N.Y. 2020). Plaintiff does not, however, point to any evidence in the record that suggests plaintiff requires such a limitation. Plaintiff's reliance on *Jimmie E. v. Commissioner of Social Security*, 2021 WL 2493337 (W.D.N.Y. 2021) to support her contention that a

9

limitation to "simple, unskilled work" fails to account for a "'moderate' limitation in regulating emotion, controlling behavior, and maintaining well-being" is misplaced. That case involved plaintiff's physical altercations and the ALJ did not discuss how the assessed limitations impacted the ability to perform simple unskilled work. *Id*. Here, the ALJ incorporated into his decision sufficient analysis to satisfy his obligation to construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached with respect to plaintiff's limitations concerning regulating emotions, controlling behavior, and maintaining well-being. *See Lopez obo Y.T. v. Commissioner of Social Security*, 2020 WL 4504987, *2 (W.D.N.Y. 2020).

For instance, the ALJ considered plaintiff's testimony that she experienced difficulty with anxiety, remembering things, concentrating, making decisions, relating to others, and being in crowds. (Tr. 22 *referring to* Tr. 58-59, 64-65). However, the ALJ also noted the documented contemporaneous statements of functionality in the medical record that undermined these allegations. (Tr. 26). Plaintiff reported going to the gym three times a week, walking to a park a couple times a week, and going out daily. (Tr. 62-63, 323, 550, 575, 823, 1235). The ALJ also discussed plaintiff's ability to socialize with friends and family, pursue a business, go on multiple business trips, vacation with friends, all the while maintaining appropriate conduct. (Tr. 22-26).

The ALJ also reviewed treatment notes and medical findings which documented fluctuating mood throughout multiple therapy visits in formulating the RFC. (Tr. 23). However, plaintiff also had adequate hygiene, relaxed posture, cooperative attitude, normal speech and tone, appropriate thought content and process, fair insight and judgment, and normal cognition. (Tr. 601, 609-10, 617-18, 626-27, 819, 856, 1162-63,

10

1171-72, 1181-82, 1707-08, 1717-18). Further, the ALJ permissibly observed that plaintiff was not always compliant with medications (Tr. 449, 783, 787, 791, 795, 815, 823, 1164, 1201, 1210, 1337, 1344, 1396, 1401, 1618), but when she was her symptoms improved, such that she was "able to manage strong emotions effectively." (Tr. 763; *see also* Tr. 23-26 *referring to* Tr. 572, 576, 759, 795, 851, 1183, 1206, 1214-15, 1268, 1387, 1709). She was also active and engaged in group therapy. (Tr. 23-26). It is amply evident that the ALJ did not rely solely on the partially persuasive opinions but also on the medical findings, treatment records, and plaintiff's own statements of daily activities.

In sum, ALJ Georger's analysis, read as a whole, satisfies his obligation "to construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached". *Lopez obo Y.T.*, 2020 WL 4504987 at *2 (internal quotation omitted). He has adequately explained how he considered and incorporated the opinions of Dr. Schaich and NP Roy into the RFC and the Court can discern how he came to formulate the mental RFC based on his written decision.


**ACCORDINGLY**, it is

> **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is
> > **DENIED**; and it is further
>
> **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is
> > **GRANTED**.


Dated: October 16, 2024                                    J. Gregory Wehrman
Rochester, New York                                        HON. J. Gregory Wehrman
                                                           United States Magistrate Judge